McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $103,204.55 SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 8777523872, AND<br><br>THE DOMAIN NAME: "GEMSTONED.NET",<br><br>　　　　Defendants. | 2:20-MC-00210-MCE-EFB<br><br>CONSENT JUDGMENT OF FORFEITURE |

　　　　Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

　　　　1.　　On or about March 3 and 13, 2020, inspectors with the U.S. Postal Inspection Service ("USPIS") seized the Approximately $103,204.55 from Wells Fargo Bank Account Number 8777523872, and The Domain Name: "gemstoned.net" pursuant to Federal seizure warrants (hereafter collectively "defendant assets").

　　　　2.　　The United States represents that it could show at a forfeiture trial that on March 3, 2020, USPIS and other law enforcement agencies executed a Federal search warrant at 2888 Boni Sue Court, in Live Oak, California.  During the execution of the search warrant, law enforcement found approximately 450 pounds of processed marijuana and THC products throughout the residence, along with two

unsecured and loaded handguns.  In addition, law enforcement found multiple USPS envelopes, boxes, transaction receipts, branded product packaging, shipping supplies, scales, and a currency counter consistent with narcotics trafficking through the U.S. mail.  They also located a fully functioning outbuilding in the backyard complete with marijuana, THC products, shelving, storage bins, lighting, air conditioning, a processing table, shipping supplies, a heat sealer, and a scale.  Additionally, a portion of the garage appeared to be used for storage of marijuana, THC products, packaging, and shipping supplies.

3. The United States represents that it could further show at a forfeiture trial that during the execution of the search warrant, Loretta Crouch ("Crouch" or "claimant") was interviewed by law enforcement after receiving a *Miranda* warning and waiver rights.  She admitted to running the marijuana distribution website "gemstoned.net".  Crouch is not licensed to sell marijuana products and knows that she needs to be licensed in California to sell marijuana products.  Crouch said she started the "gemstoned.net" website about four years prior and only sells marijuana products on the website, no other drugs.  The sales from the marijuana website are deposited directly into her Wells Fargo bank account.  In the last three years, Crouch estimates she made approximately $2 million in marijuana sales and that about $1.2 million of that money went back into the marijuana business.  Crouch stated that the current balance in her Wells Fargo bank account was about $103,000.

4. The United States represents that it could further show at a forfeiture trial that on March 3, 2020, law enforcement executed Federal seizure warrants on Crouch's Wells Fargo Bank Account Number 8777523872 and The Domain Name: "gemstoned.net".  Approximately $103,204.55 was seized from the Wells Fargo bank account.

5. The United States could further show at a forfeiture trial that the defendant assets are forfeitable to the United States pursuant to 21 U.S.C. §§ 881 (a)(4) and (a)(6).

6. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant assets. Crouch acknowledged that she is the sole owner of the defendant assets, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action

against the government with regard to its forfeiture of the defendant assets, claimant shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant assets were seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, the following defendant assets, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(6), to be disposed of according to law:

    a. Approximately $66,204.55 of the $103,204.55 seized from Wells Fargo Bank Account Number 8777523872, and

    b. The Domain Name: "gemstoned.net".

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, the following defendant asset shall be returned to claimant Loretta Crouch through her attorney Samuel D. Berns:

    a. Approximately $37,000.00 of the $103,204.55 seized from Wells Fargo Bank Account Number 8777523872.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant assets. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. The parties waived the provisions of California

Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant assets.

IT IS SO ORDERED.

Dated: February 23, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE